UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  2/16/2022
```

-------------------------------------------------------------X

PROMETO PRODUCE CORP.,

                         Plaintiff,

          -against-

PRODUCE DEPOT USA LLC, GAETANO
BALZANO, a/k/a GUY BALZANO, LUIS
RUELAS, Book 3 LLC

                            Defendants.

-------------------------------------------------------------X

**OPINION AND ORDER**

**21-CV-6131 (PGG)**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

      On December 2, 2021 the Honorable Paul G. Gardephe referred this action to the undersigned for settlement.  (ECF No. 50.)  On January 6, 2022, after conducting a pre-settlement conference, the Court scheduled a telephonic settlement conference to be held on Monday, February 14, 2022 at 10:00 a.m.  (ECF Nos. 55, 61.)  The Court directed that "[c]orporate parties must send the person with decision making authority to settle the matter to the conference. . . and parties are instructed to complete the Settlement Conference Summary Report and prepare pre-conference submissions [by] February 7, 2022[.]"[1] (Settlement Conference Order, ECF No 61.)  At the scheduled settlement conference, Defendant Luis Ruelas failed to appear and also did not provide any notice to the Court to excuse his absence.  Accordingly, as detailed below, the Court finds sanctions against Defendant Ruelas is warranted.

---

[1] At the pre-settlement conference, the Court advised Counsel that each of their clients would be required to attend the settlement conference and if there were any issues regarding scheduling to notify the court via letter.

**DISCUSSION**

A court may not require litigants to settle an action. *Kothe v. Smith*, 771 F.2d 667, 669 (2d Cir. 1985).  "However, it is well-established that a court may require parties to appear for a settlement conference, and that it is entirely appropriate for a court to impose sanctions pursuant to Rule 16(f) [of the Federal Rules of Civil Procedure] if a party fails to do so." *Bouveng v. NYG Cap. LLC*, 2017 WL 6210853, at *4 (S.D.N.Y. Dec. 7, 2017) (internal quotation and citation omitted).  The Court may compel a party to appear for at least one settlement conference.  *Id.*  Further, "[i]t is well settled that a magistrate judge has the authority to issue an order containing sanctions in connection with a matter that has been properly referred to the magistrate judge."  *Id.* (citing *Sosinsky v. Chase Manhattan Bank*, 1999 WL 675999, at *2 (S.D.N.Y. Aug. 31, 1999)).

The Court may impose appropriate sanctions for a party's failure to comply with a Court order including compensating opposing counsel for the time spent attending the scheduled conference.  *See, e.g., Macolor v. Libiran*, 2015 WL 337561 at *2 (S.D.N.Y. Jan. 23, 2015) (requiring defendant's counsel pay $1,000 to plaintiff's counsel "to compensate him for the time and resources spent preparing for and attending the aborted [pretrial] conference");  *Mordechai v. St. Luke's-Roosevelt Hosp. Ctr.*, 2001 WL 699062, at *2 (S.D.N.Y. June 20, 2001) (requiring that plaintiff pay monetary sanctions to defendant's counsel, where plaintiff's failure to appear at two settlement conferences "ha[d] wasted not only opposing counsel's time, but also that of the [c]ourt").

Here, as noted above, the matter was referred to this Court for settlement by Judge Gardephe.  Defendant Ruelas failed to appear to the court-ordered settlement conference.  The Court finds monetary sanctions in the form of plaintiff's counsel's fees for attending the scheduled conference is appropriate.  The conference lasted approximately an hour and a half. However, the lack of Defendant Ruelas' appearance thwarted the possibility of any potential resolution of this action.  Accordingly, Defendant Ruelas is directed to pay Jeffery Chebot, Plaintiff's counsel, his reasonable attorney's fees for one and a half (1.5) hours for having to attend the scheduled settlement conference.

## CONCLUSION

For the foregoing reasons, Defendant Luis Ruelas is ordered to pay Plaintiff's counsel for 1.5 hours of attorney time.  Plaintiff's counsel shall file an affidavit indicating his billing rate and any other relevant information by **February 25, 2022**.

**SO ORDERED.**

Dated: February 16, 2022
New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge